**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CYNTHIA L. HENDY,

    Plaintiff,

  v.                                        No. CV 10-0957 MV/LFG

STATE OF NEW MEXICO,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, the Court will dismiss Plaintiff's complaint.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington*

*v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names the State of New Mexico as the sole Defendant.[1] In Counts I and II Plaintiff alleges that her sentence is excessive in relation to those of her co-defendants, and she is factually innocent of two counts of her conviction. For relief Plaintiff seeks reduction of her sentence. In Count III she alleges that her incarceration in New Mexico has caused family hardships, and she asks for an order transferring her to Washington state.

No relief is available in this civil rights action on Counts I and II of Plaintiff's complaint, which seek reduction of her state criminal sentence. Plaintiff alleges that her sentence amounted to an unwarranted sentencing disparity and she is factually innocent of certain charges.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." . . . Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, . . . where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983; *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Because Plaintiff's claims for reduction of sentence are not cognizable in this § 1983 action, the Court will dismiss these claims without prejudice.

In Count III, Plaintiff alleges family hardships in support of her request to be transferred to Washington state. As a starting point in reviewing this claim, "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal*

---

[1] The State of New Mexico, of course, is not a "person" for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Court's dismissal of the complaint does not rest on this pleading deficiency, because Plaintiff presumably could amend her complaint to name a proper defendant. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

*Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992), *cert. denied*, 510 U.S. 830 (1993). Even if conditions at one prison are much worse than at another, the prisoner has no constitutional protection against the placement. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). Plaintiff makes no allegation that the denials of her requested transfer constituted separate acts of discrimination or retaliation by officials, *cf. Prows*, 981 F.2d at 468 n.3*; Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990), and this claim will be dismissed. The Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that Count III of Plaintiff's complaint is DISMISSED with prejudice, otherwise Plaintiff's complaint is DISMISSED without prejudice to her rights under the habeas corpus statutes, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE